## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING

**STEVEN M. RECHT, ALESHA BAILEY,**
and **STEPHEN P. NEW,**

      Plaintiffs,

v.

**CIVIL ACTION NO. 5:20-CV-90
(BAILEY)**

**JIM JUSTICE,** in his Official Capacity as
Governor of West Virginia; and
**PATRICK MORRISSEY,** in his Official
Capacity as Attorney General of West Virginia,

      Defendants.

### ORDER GRANTING MOTION FOR LEAVE TO FILE
### *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANTS

The above-styled civil action came before this Court for consideration of the Motion for Leave to File *Amicus Curiae* Brief in Support of Defendants [Doc. 22], filed by The Alliance for Patient Access and the West Virginia State Medical Association (collectively "*amici*") on June 2, 2020. Therein, *amici* requests leave to file a brief as *amicus curiae* in support of defendants to bring to this Court's attention significant state interests supporting the West Virginia Legislature's passage of S.B. 136.

"An *amicus curiae*, defined as 'friend of the court,' . . . does not represent the parties but participates only for the benefit of the Court." ***Jin v. Ministry of State Sec.***, 557 F.Supp.2d 131, 136 (D.D.C. 2008) (citing ***United States v. Microsoft Corp.***, 2002 WL 319366, at *2 (D.D.C. 2002) (Kollar-Kotelly, J.)). *Amicus curiae* briefs serve an important function "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision."

*Newark Branch, NAACP v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991) (internal quotation marks omitted). The Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level. Nonetheless, "district courts possess the inherent authority to appoint [*amicus curiae*] to assist in their proceedings." *Bayshore Ford Trucks Sales, Inc. v. Ford Motor Co.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006); *Jin*, 557 F.Supp.2d at 136.[1] "Courts typically grant *amicus* status where the parties 'contribute to the court's understanding of the matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F.Supp.3d 1280, 1288 (N.D. Ga. 2015).

The *amici* argue in this instant motion that the *amicus curiae* brief is desirable because the questions presented in this case involve complex issues of constitutional law and require this Court to evaluate the sufficiency of the State of West Virginia's interest in regulating lawsuit advertisements. [Doc. 22 at 3]. Further, *amici* argues that it provides substantial empirical data and physician and patient experience in their *amicus curiae* brief that will aid this Court with its required determination as to whether the issuance o a preliminary injunction is in the public interest. [Id.].

Upon careful consideration of the above, this Court finds good cause to grant *amici*'s motion. As such, *amici*'s Motion for Leave to File *Amicus Curiae* Brief in Support of Defendants **[Doc. 22]** is hereby **GRANTED**. Accordingly, *amici* are **DIRECTED** to **RE-FILE** the Amici Curiae Brief of The Alliance For Patient Access and The West Virginia State Medical Association in Support of Defendants and In Opposition to Issuance of a

---

[1] *See also* **Lathrop v. Unidentified, Wrecked & Abandoned Vessel**, 817 F.Supp. 953, 960 n.10 (M.D. Fla. 1991); **Resort Timeshare Resales, Inc. v. Stuart**, 764 F.Supp. 1495, 1500-01 (S.D. Fla. 1991).

Preliminary Injunction, which is currently an attachment to the instant motion. [Doc. 22-1].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to *amici* and to all counsel of record herein.

**DATED**: June 9, 2020.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**